UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

IONIAN RE, LLC,

                              Plaintiff,        Case No.
                                                        1:24-cv-07098-RPK-PK

v.

GORAYEB & ASSOCIATES, P.C., *et al*.,

                              Defendants.

**PLAINTIFF'S SUPPLEMENTAL MEMORDANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

      **COMES NOW,** Plaintiff Ionian Re, LLC ("Ionian" or "Plaintiff"), who files this, its Supplemental Memorandum of Law in Opposition to Defendants' Motions to Dismiss Plaintiff's First Amended Complaint (collectively, the "Motions to Dismiss").

Dated: July 10, 2025

Respectfully submitted,

**THE WILLIS LAW GROUP, PLLC**

By: */s/ William J. Clay*
    **WILLIAM J. CLAY**
    **MICHAEL A. GRAVES**
    **OLIVA KNOTT**
    **AARON E. MEYER**
    1985 Forest Lane
    Garland, Texas 75042
    Telephone:  214-736-9433
    Facsimile:   214-736-9994
    Service Email: service@thewillislawgroup.com

    ***ATTORNEYS FOR PLAINTIFF***
    ***IONIAN RE, LLC***

I.     **BACKGROUND**

On June 20, 2025, Defendants filed their Joint Notice of Additional Authority and Request for Leave to Supplement Brief for Motion to Dismiss [ECF No. 96] (the "Request to Supplement"), in which Defendants requested an opportunity to supplement their Motions to Dismiss by citing and relying on *Roosevelt Road Re, LTD. and Tradesman Program Managers, LLC v. Herbert S. Subin, et al.*, No. 24-cv-05033 (E.D.N.Y. June 19, 2025) (the "Gonzalez Order"). On June 26, 2025, the Court issued an Order that permitted Defendants and Plaintiff to each file supplemental briefs that discuss the Gonzalez Order. Accordingly, pursuant to the Court's Order, Plaintiff files this supplemental brief.

On June 19, 2025, the Honorable Hector Gonzalez, a United States District Judge for the Eastern District of New York, issued the Gonzalez Order [ECF No. 96 Ex. 1] in *Roosevelt Road Re, LTD. and Tradesman Program Managers, LLC v. Herbert S. Subin, et al.*, No. 24-cv-05033 (the "Subin Lawsuit").[1] The Gonzalez Order dismissed Plaintiffs' First Amended Complaint ("FAC") without prejudice and with leave to amend by or before July 21, 2025 [*Id.* at 18]. The FAC was dismissed without prejudice because Plaintiffs "fail to adequately plead cognizable, direct injuries." [*Id.* at 1]. In particular, the Gonzalez Order states Plaintiffs Roosevelt Road Re, LTD.'s ("Roosevelt") and Tradesman Program Managers, LLC's ("Tradesman") damages are not cognizable, direct injuries because Roosevelt and Tradesman were not the intended targets of the RICO violations and their injuries were indirect because they were "doubly contingent" upon the harms suffered by primary insurers and construction employers (i.e., the insureds) [*Id.* at 8-10, 13].

---

[1] A brief description of the Subin Lawsuit's allegations is located at ECF No. 96 Ex. 1 at 1.

1

## II.  DISCUSSION

In the Request to Supplement, Defendants argue the issues, arguments, and case law presented in the Subin Lawsuit are substantively identical to the issues, arguments, and case law in the Motions to Dismiss [ECF No. 96 at 1]. Defendants further argue Ionian is similar to Roosevelt because both are reinsurance companies [*Id.*]. Based on that, Defendants, presumably, believe the Gonzalez Order has bearing on the Motions to Dismiss. But the Gonzalez Order has little to no bearing on the Motions to Dismiss or this lawsuit for two main reasons.

First, although the schemes alleged in the two lawsuits are similar, the plaintiffs and defendants are not: Roosevelt and Tradesman are unrelated to Ionian and the defendants are completely different. Further, although Ionian and Roosevelt are referred to as reinsurance companies in their respective complaints, Ionian's obligations and liabilities are fundamentally different including the damages Ionian suffered. Specifically, Ionian's obligation was to pay "first-dollar" claim and deductible expenses **before** the primary insurer's obligations are triggered. The deductible expenses pay for (1) loss payments on the commercial general liability policies at issue up to the maximum deductible amount, (2) the costs incurred defending the lawsuits filed by the Legal Service Defendants up to the maximum deductible amount, and (3) the costs and expenses of investigating, administering and settling the fraudulent claims at issue in this lawsuit, again up to the deductible amount.  In all claims at issue herein, the deductible amounts have not been exhausted.  Therefore, Ionian has been solely and directly responsible for all losses associated therewith. For that reason alone, the reach of the Gonzalez Order to this lawsuit, if any at all, is limited.

Second, the Gonzalez Order is subject to being negated when Roosevelt and Tradesman file a Second Amended Complaint (the "SAC") by or before July 21, 2025, that, *inter alia*,

addresses the Court's concern Roosevelt and Tradesman did not suffer cognizable, direct injuries.[2] In particular, the SAC will clarify that Roosevelt and Tradesman were, in fact, the "intended targets"[3] of the Subin Defendants' scheme. Further, Roosevelt was directly responsible for and made payments on the insurance policies at issue in the Subin Lawsuit and incurred the costs defending the Subin Defendants' lawsuits[4] and Tradesman was responsible for the costs and expenses of investigating and administering the fraudulent claims. Additionally, the SAC will clarify how injuries suffered by Roosevelt and Tradesman were not contingent or "doubly contingent" upon the harms suffered by the primary insurer and construction employers.

Finally, Ionian is willing to amend the FAC at the Court's request to plead additional facts that may be necessary to clarify how and why the injuries suffered by Ionian as a result of and vis-à-vis Defendants' RICO scheme are direct, cognizable injuries under RICO. Moreover, Ionian is ready and willing to participate in a hearing or oral argument on the issues identified in Plaintiff's and Defendants' Supplemental Memoranda of Law.

---

[2] Tradesman and Roosevelt will file the SAC in accordance with the Gonzalez Order. Pursuant to the Gonzalez Order, the SAC will result in either answers or engagement again in motion practice and legal briefing to further determine the legal sufficiency of standing. Thus, it is premature to attribute any relevancy or precedent to the Gonzalez Order.
[3] The Second Circuit has stated that an "intended target of the defendants' racketeering" has "little to no import for RICO's proximate cause test." *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 145 (2d Cir. 2018). Notwithstanding that, Ionian addresses it here because the Gonzalez Order relies on the "intended target" test in determining proximate cause.
[4] In the Gonzalez Order, the Court acknowledged the legal fees incurred defending fraudulent personal injury lawsuits and workers' compensation claims can constitute cognizable injuries under RICO [ECF No. 96 Ex. 1 at 13]. But the Court stated the legal fees incurred by Roosevelt were not cognizable RICO injuries because Roosevelt was not the "target" of the Subin Defendants' frivolous lawsuits [*Id.*]. For the reasons stated herein, the SAC will address that issue by clarifying Roosevelt was an "intended target" of the Subin Defendants' scheme.

3