UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IONIAN RE, LLC, | |
| Plaintiff, | |
| - vs - | Case No.: 1:24-cv-07098-RPK-PK |
| GORAYEB & ASSOCIATES, P.C., *et al*. | |
| Defendants. | |

**DEFENDANTS' JOINT SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO THE COURT'S 6/26/2025 TEXT ORDER ADDRESSING THE IMPORT OF JUDGE GONZALEZ'S DECISION IN *ROOSEVELT ROAD v. SUBIN, ET AL*. TO THIS CASE**

Dated:   July 10, 2025

As a reinsurer, Ionian's alleged injuries are too remote and attenuated to establish standing. On June 19, 2025, United States District Judge Hector Gonzalez issued a Memorandum & Order ("Decision") in *Roosevelt Road Re, LTD, et. al v. Herbert S. Subin, et. al*, No. 24-cv-05033 (E.D.N.Y. June 19, 2025) ("*Roosevelt Road*") granting defendants' motions to dismiss against a reinsurer for precisely that reason. Judge Gonzalez's Decision serves as guidance for adjudication of the motions to dismiss pending before this Court because there is little, if anything, to distinguish this case from *Roosevelt Road*.

The operative allegations in *Roosevelt Road* are materially identical to the allegations here. Ionian Re, LLC ("Ionian") and Roosevelt Road Re, Ltd. ("Roosevelt"), the plaintiffs-reinsurers in each case, hold identical commercial positions vis-à-vis Defendants: the respective First Amended Complaint ("FAC") in each case uses identical language to describe Ionian and Roosevelt as "a reinsurer which (sic) underwrites policies and provides reinsurance that covers the personal injury lawsuits filed and prosecuted by the Legal Service Defendants as part of the Fraud Scheme." (Compare *Roosevelt Road* FAC, Dkt. 26, ¶56, with *Ionian* FAC, Dkt. 52, ¶168). The *Roosevelt Road* FAC also alleged virtually identical schemes as in the instant action and virtually identical injuries.[1]

---

[1] For instance, *the same fraud scheme is asserted in both cases*. (Compare the FACs at *Roosevelt Road* Dkt. 26, ¶¶ 9-21, with *Ionian* Dkt. 52, ¶¶18 and 30-49) (both allege an "industry-wide" scheme involving law firms, "runners" and medical providers who schemed together to stage construction site accidents, to fake injuries and to provide "unnecessary medical treatment" in support of New York workers' compensation claims and personal injury lawsuits). *The RICO standing and causation allegations are substantively identical in both cases*. (Compare *Roosevelt Road* Dkt. 26, ¶ 56, with *Ionian* Dkt. 52, ¶168). *Both FACs use identical language regarding plaintiffs' alleged damages*. (Compare *Roosevelt Road* Dkt. 26, ¶¶57-61, with *Ionian* Dkt. 52, ¶¶169-173) (alleging that plaintiff "has incurred expenses paid as reimbursement to primary insurers providing coverage for the claims and lawsuits filed and/or prosecuted … on behalf of Claimants" and that each plaintiff "has incurred general liability claim adjustment expenses progressively rising" and an increase in "net outstanding liability under general liability reinsurance.")

The arguments presented in the *Roosevelt Road* motions to dismiss are substantively and legally identical to the arguments in the motions to dismiss before this Court.  In *Roosevelt Road*, the defendants argued, *inter alia*, as they do here, that the plaintiff-reinsurer Roosevelt lacked RICO standing because it could not satisfy the causation element of a RICO cause of action. (*Roosevelt Road* Dkt. 36-1, p. 3-8).  A review of Roosevelt's Brief in Opposition to Defendants' motions to dismiss (*Roosevelt Road*, Dkt. 46, pp. 9-11) reveals that it is substantively similar to Ionian's Brief in Opposition to the instant motions to dismiss, asserting the same arguments and citing the same case law.  (*See Ionian* Dkt. 69, pp. 8-13).

Judge Gonzalez addressed Roosevelt's allegations with regard to the fraud scheme, standing, causation and damages that are virtually identical to Ionian's allegations here, and considered grounds for dismissal that are substantively identical to those asserted here.[2]  Judge Gonzalez determined that no cognizable RICO injury existed, finding that the alleged RICO injuries "are too attenuated to survive dismissal" because they are "definitionally '[m]ultiple steps' away from the alleged fraud."  (Decision, p. 11).[3]

Judge Gonzalez's Decision relied heavily on the U.S. Supreme Court holdings in *Anza v. Ideal Steel Supply Corp.*, *Hemi Group v. City of NY* and *Holmes v. Sec. Inv. Prot. Corp.*, all of which form the nucleus of the pending motions to dismiss here.  (See *Ionian* Dkt. 68, pp. 4-6). In language directly applicable to the motions before this Court and in response to the precise arguments made by Defendants in the pending motions, Judge Gonzalez held:

---

[2] See the standing and causation arguments in Defendant Dr. Merola's primary Memorandum of Law (*Ionian* Dkt. 68, pp. 3-9), in which all Defendants have joined.

[3] Judge Gonzalez also held that in the absence of a substantive RICO claim, the RICO Conspiracy claim also fails. (*Id*., p. 14).  He likewise declined to exercise supplemental jurisdiction over the state law claims (*id*., p. 15) and found that the court lacked an independent basis of jurisdiction for plaintiff's declaratory judgment claim (*id.*, p. 16).

> "[A]s *Anza*, *Hemi* and *Holmes* all make clear, a party like Roosevelt may not sue under RICO merely because it ultimately 'absorb[s] the financial impact of the fraud experienced by others." (Decision, p. 13).

Judge Gonzalez followed *Hemi Group's* holding, 559 U.S. at 9, that a link between a defendant's conduct and the alleged injury that is "too remote," "purely contingent" or "indirect" is insufficient:

> Roosevelt is "a reinsurer which underwrites policies and provides reinsurance that covers the various workers' compensation claims and personal injury lawsuits filed and prosecuted by the Legal Service Defendants as part of the Fraud Scheme." AC ¶ 56. It "has ***incurred expenses paid as reimbursement to primary insurers*** providing coverage for the claims and lawsuits filed and/or prosecuted by the Legal Defendants on behalf of Claimants." *Id.* ¶ 57. In sum, "Roosevelt has ***incurred general liability claim adjustment expenses progressively rising***" over several years, and its "***net outstanding liability under general liability reinsurance increased***" by nearly 47% between 2021 and 2022. *Id.* ¶¶ 59–60. It has made "***mandatory reimbursement for payments made directly*** to the Subin Firm, medical providers, or to others due to Defendants' pattern of fraudulent conduct in connection with claims made under New York's Workers' Compensation Laws and New York's Labor Laws." *Id.* ¶ 69a.
>
> Roosevelt's alleged RICO injuries are too attenuated to survive dismissal. As a reinsurer, its injuries are definitionally "[m]ultiple steps" away from the alleged fraud. *Hemi*, 559 U.S. at 15.

(Decision, p. 11) (emphasis added). Those are the same injuries Ionian pleads here.

As Judge Gonzalez concluded, "[t]he problems with injury do not appear to stem from mere pleading deficiencies that can be fixed with additional facts but rather from Plaintiffs' commercial positions vis-à-vis Defendants, rendering them 'substantive' (and thus making amendment futile)." (Decision, p. 17). That conclusion is equally applicable here and supports dismissal of the Ionian FAC for the same reasons.[4]

---

[4] It is also no basis to ignore Judge Gonzalez's Decision simply because it may be interlocutory or subject to change. *See*, *e.g.*, *Rivas v. Hershey Co.*, 19-cv-3379, 2020 U.S.Dist. Lexis 132614, *5-6 (E.D.N.Y. 2020) (considering additional authority of interlocutory decisions).

Dated: New York, New York
July 10, 2025

        *NIXON PEABODY LLP*

        By:   */s/John J. Weinholtz*
            Joseph J. Ortego
            John J. Weinholtz
        Tower 46, 55 West 46th Street, 24th Floor
        New York, NY 10036-4120
        (212) 940-3000
        *Email*: jortego@nixonpeabody.com
        *Attorneys for Defendants*
        *Gorayeb & Associates, PC and Christopher J. Gorayeb*

TO: **THE WILLIS LAW GROUP, PLLC**
      Michael A. Graves
      William Clay
      Aaron Meyer
      1985 Forest Lane
      Garland, Texas 75042
      Tel: (214)-736-9433
      Email: mgraves@thewillislawgroup.com
             *wclay@thewillislawgroup.com*
             *ameyer@thewillislawgroup.com*
      *Attorneys for Plaintiff*

- 5 -

**WORD COUNT CERTIFICATION**

  I, John J. Weinholtz, an attorney admitted to practice before the United States District Court for the Eastern District of New York, certifies, in accordance with and pursuant to Local Civil Rule 7.1(c) of the United State District Courts for the Southern and Eastern Districts of New York, that the foregoing Defendants' Joint Supplemental Brief dated July 10, 2025, contains 1,070 words, exclusive of the table of contents, table of authorities, caption and signature block, and the certification as to the foregoing relies upon the word count feature of the word-processing system used to prepare the document, Microsoft Word.

Dated: New York, New York           */s/ John J. Weinholtz*
   July 10, 2025                 John J. Weinholtz